Timothy J. SHEMWELL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2008–CA–001742–MR.

Court of Appeals of Kentucky.

Nov. 12, 2010.

Karen Shuff Maurer, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General, Jeffrey A. Cross, Assistant Attorney General, Frankfort, KY, for appellee.

Before: TAYLOR, Chief Judge; LAMBERT, Judge; HENRY,[1] Senior Judge.

*OPINION*

LAMBERT, Judge:

Timothy Shemwell appeals from an order of the Ohio Circuit Court directing that his real property be forfeited due to its use in the commission of a violation of KRS Chapter 218A. After careful review, we affirm.

In an opinion rendered August 27, 2009, the Kentucky Supreme Court affirmed Shemwell's convictions arising from his manufacture of methamphetamine on his real property. *Shemwell v. Commonwealth,* 294 S.W.3d 430 (Ky.2009). A summary of the facts set forth in the opinion states:

> On February 25, 2004, the Ohio County Sheriff's Department responded to a domestic dispute call at Appellant's residence. Upon arriving there, Deputy Danny Kessinger found Appellant, Appellant's ex-wife Betty Shemwell, Appellant's friend Reva Roeder, and Roeder's son. Deputy Kessinger also found evidence of a suspected methamphetamine lab. After getting permission from Appellant, a thorough search of the property ensued. In Appellant's garage, lithium batteries, batteries with lithium strips removed, and two small canisters containing hemostats and suspected marijuana seeds were found. Inside a shed, the police discovered a five-gallon bucket containing lithium strips and a pink powder which later tests revealed to contain ephedrine or pseudoephedrine. Directly outside the shed, starter fluid cans with holes in the bottom were found. On a tractor, a wooden spoon with methamphetamine residue was located. Also scattered around Appellant's property were a blender, scales, plastic baggie corners, a two-quart container containing ammonia, a two-quart container containing a two-layered substance consisting of liquid on the top and a sludge of pseudoephedrine on the bottom, two cans of fuel in a trash can, two containers of salt, drain cleaner, tubing, and a propane tank containing ammonia. Inside Appellant's house, police discovered nine empty Sudafed packets inside a coat pocket and inside Reva Roeder's purse, a wet coffee filter with methamphetamine residue.

*Id.* at 432.

Shemwell was convicted of manufacturing methamphetamine under KRS 218A.1432(1)(a), possession of anhydrous ammonia in an unapproved container with the intent to manufacture methamphetamine (KRS 250.489), possession of methamphetamine precursor (KRS 218A.1437), possession of marijuana, less than eight

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

ounces, and possession of drug paraphernalia.

While Shemwell's direct appeal of his convictions was pending, the Commonwealth sought the forfeiture of his real property. On February 14, 2008, the prosecutor and Shemwell's counsel appeared before the trial judge to argue the Commonwealth's forfeiture motion. During this hearing, the Commonwealth argued in favor of forfeiture, and Shemwell argued that the trial judge should refrain from ordering the forfeiture of Shemwell's real property until after the appeal of his criminal convictions was final. The trial court granted the Commonwealth's motion and ordered the Commonwealth to prepare the order of forfeiture.

By order entered February 19, 2008, the trial judge directed Shemwell's real property to be forfeited. The real property at issue consists of two tracts, the first containing approximately five acres and the second 1.91 acres. On February 26, 2008, Shemwell filed a motion to reconsider the forfeiture order and to hold the matter in abeyance until he had "exhausted all appeals in the criminal case related to his property." After a hearing on March 27, 2008, the trial court denied Shemwell's motion to reconsider in an order dated April 1, 2008.

In April 2009, this Court granted Shemwell's motion for a belated appeal and allowed him to appeal the trial judge's forfeiture order. This appeal now follows.

On appeal, Shemwell concedes that forfeiture is appropriate in this case but argues that forfeiture is only appropriate for the areas where manufacturing methamphetamine occurred. Shemwell asks this Court to reverse the Ohio Circuit Court's order of forfeiture and enter a new order permitting only forfeiture of his garage and shed.

The Commonwealth argues that Shemwell did not present this argument to the trial court in his motion to reconsider, and therefore it is not preserved for appeal. We agree. At the trial court level, Shemwell argued that the Commonwealth's forfeiture motion should be held in abeyance until his criminal appeals were exhausted. Now, Shemwell argues to this Court that forfeiture should be limited to the exact location where the violation of KRS Chapter 218A occurred. Because this argument was never presented to the trial court, the issue was not preserved, and we cannot review it for error. *See Kennedy v. Commonwealth,* 544 S.W.2d 219, 222 (Ky. 1977) ("The appellants will not be permitted to feed one can of worms to the trial judge and another to the appellate court.").

Shemwell has not asked this court to review his case under Kentucky Rules of Criminal Procedure (RCr) 10.26 for palpable error. Even had he done so, we do not find his arguments to be meritorious. In its decision, the Kentucky Supreme Court noted evidence of Shemwell's manufacturing operation was found in his garage, his shed, "[d]irectly outside the shed," "[o]n a tractor," "scattered around [his] property[,]" and "[i]nside [his] house[.]" *Shemwell,* 294 S.W.3d at 432. Despite evidence being found in so many places on Shemwell's property, he argues that only his shed and garage should be subject to forfeiture. Shemwell offers no legal support for this argument whatsoever. Thus, we find Shemwell's argument to be without merit, even were we to review it at this juncture.

Accordingly, we affirm the April 1, 2008, order of the Ohio Circuit Court denying Shemwell's motion to reconsider.

ALL CONCUR.